# JURISDICTIONAL STATEMENT

The District Court has subject-matter over the Plaintiffs' claims and allegations pursuant to 28 U.S.C. § 1331, because Plaintiffs have asserted that the conduct of the Defendant has violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991. (R. at 147-154.) On June 18, 2003, the District Court, after careful review of the Plaintiffs' Federal Rule of Civil Procedure 60(b)(6) Motion, entered an Order granting Plaintiffs' motion for reconsideration and vacating its prior dismissal of the lawsuit. The District Court's ruling June 18, 2003 then reinstated *Felecia Shepherd, et al. v. International Paper Co.*, Civil Action No. H-02-3960, to its active docket. (R. at 530.) Upon notice of the District Court's Order, International Paper Co. filed its Answer in the District Court on or about July 2, 2003. (R. at 535-543.) Thereafter, Defendant filed its Notice of Appeal on or about July 18, 2003. (R. at 544-546.) However, this Court does not have jurisdiction over this dispute. *See Hand v. United States*, 441 F.2d. 529, 531 (5th Cir. 1971).[1]

---

[1] Defendant-Appellant also cites *Hand* for the proposition that this Court does have jurisdiction over this matter. However, the Court in *Hand* makes it abundantly clear that the issue presented in this appeal is a matter for the District Court. "Motions from a final judgment are addressed to the sound discretion of the district court … Therefore, in the absence of an abuse of discretion we do not review the district court's determination." *Hand*, 441 F.2d at 531. This Court, in rendering the *Hand* decision, also cites *SEC v. Farm & Home Agency, Inc*., 270 F.2d 891, 892 (7th Cir. 1959). "Numerous cases support the view that a motion to vacate a judgment under Rule 60(b) is addressed to the sound legal discretion of the (district) court and that determination will not be disturbed upon appeal…" *Id.*

## STATEMENT OF THE ISSUES

1.      The District Court did in fact maintain jurisdiction to enter the Order on June 18, 2003, which granted the Plaintiffs' relief requested, pursuant to Federal Rule of Civil Procedure 60(b)(6).

2.      The Order entered June 18, 2003, by the District Court is not appealable at this stage of the litigation.

## STATEMENT OF THE CASE AND STATEMENT OF THE FACTS

The Plaintiffs, Felecia Shepherd, Alex Grigsby, Melvin Jackson, Gerald Thomas, Claudine Faulkner, Rufino Razo, David Criswell, Larry Oliver, Michael Cloudy, Mark Fletcher, Quincy Ratcliff, and Randy Horn, are individuals whom either are currently employed, or have been employed with the Defendant, International Paper Company, at its facility, located in Nacogdoches, Texas.    On or about July 19, 2002, each received a "Notice of Suit Rights" from the Equal Employment Opportunity Commission.  (R. at 95-106.)  Additionally, the Equal Employment Opportunity Commission forwarded affirmative discriminatory findings correspondence, supporting the various assertions lodged by the Plaintiffs against the Defendant. (R. at 90-91.)  This litigation is based upon an employment dispute involving violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1981.  (R. at 136-141.)

### A.     Plaintiffs Effected Proper Service on Defendant's Registered Agent.

The Plaintiffs timely filed their Original Complaint against the Defendant in the United States District Court for the Southern District of Texas, Houston Division on October 17, 2002.  (R. at 12-18.)  Subsequently, on October 21, 2002, the Plaintiffs filed an Amended Complaint.  (R. at 20-26.)

On January 15, 2003, the Defendant was served through its registered agent for service, CT Corporation System.  (R. at 348-351.)  On this date, Defendant has alleged that its agent, CT Corporation Systems, received only a Summons concerning this lawsuit.  (*Id*.)  However, on January 17, 2003, the Defendant does admit that its agent received a filed-stamped copy of the Plaintiffs' Complaint, an Order for Conference and Disclosure of Interested Parties, the Courtroom Procedures of United States District Judge Kenneth M. Hoyt, and "other documents from the District Court." (R. at 315-347.)[2]

Thereafter, pursuant to the documents that it received through the Plaintiffs' service, the Defendant timely filed, on February 4, 2003, its Certificate of Disclosure of Interested Parties.  (R. at 71-72.)  The Defendant also moved the District Court to allow Mr. Jonathan P. Harmon and Ms. Tara N. Mora to appear before it via Pro Hac Vice (R. at 83-86.)  While the Pro Hac Vice motion was

---

[2] In its brief before this Court, Defendant alleges that it did not receive "Right to Sue Letters" on January 17, 2003. However, it is undisputed that the Defendant received the "Right to Sue Letters" directly from the Equal Employment Opportunity Commission, as Mr. Edward Rouse, Sr. Counsel in its Human Resource Department, was an addressee along with each individual Charging Party.  (R. at 1-11.)

pending before the District Court, Mr. Ronald J. Aldis and Mr. Joseph L. Nealy, counsel for the Defendant and counsel for the Plaintiffs, respectively, filed their Joint Discovery/Case Management Plan, in accordance with Federal Rule of Civil Procedure 26(f), on February 7, 2003.  (R. at 75-80.)[3]  Shortly thereafter, the Defendant's Pro Hac Vice motion, which was unopposed by counsel for the Plaintiffs, was granted and entered by the District Court on February 11, 2003.  (R. at 84, 87.)

On February 10, 2003, the District Court held the scheduling conference, at which Mr. Aldis, Ms. Mora, and Mr. Harmon, on behalf of the Defendant, and Mr. Nealy, for the Plaintiffs, all appeared.  (R. at 88-89.)  On February 11, 2003, as a result of the scheduling conference, District Judge Hoyt issued the appropriate Scheduling Order.  (*Id.*)

### B.   International Paper Filed a Motion to Dismiss Alleging Improper Service.

On or about March 7, 2003, Defendant filed a "Motion to Dismiss Plaintiffs' Second Amended Complaint."  (R. at 362-374.)  Subsequently, on March 14, 2003, the Plaintiffs filed their response in opposition to the Defendant's motion seeking dismissal.  (R. at 378-389.)  After review, the District Court entered an Order denying the Defendant's motion to dismiss as "moot."  (R. at 377.)  Thereafter, on

---

[3] Mr. Aldis and Mr. Nealy did confer by telephone, in order to prepare the Joint Discovery/Case Management Plan. (R. at 80 (¶ 1).)

April 14, 2003, the Defendant filed a "reply" allegedly in support of its previously filed "Motion to Dismiss Plaintiffs' Second Amended Complaint or for More Definite Statement," which the District Court had denied some thirty (30) days prior.  (R. at 390-394.)

The District Court, however, on April 28, 2003, entered an Order which granted the Defendant's motion, dismissing the Plaintiffs' suit pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(4)-(5), 12(b)(6), 12(e), and Local Rule 7.1.  (R. at 395.)

### C. Plaintiffs Filed a Motion Seeking Relief from the Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6), and Subsequently a Notice of Appeal to this Court.

On May 14, 2003, pursuant to Federal Rule of Civil Procedure 60(b), Plaintiffs filed their "Motion for Reconsideration and to Vacate the Court's Order Dismissing Plaintiff's Second Amended Complaint", which sought relief from a final judgment.  (R. at 396-429.)  On May 23, 2003, Plaintiffs also filed a motion seeking an extension of time from the District Court, in which to file their Notice of Appeal concerning the Court's April 28, 2003[4] dismissal order.  (R. at 432-433.) Almost immediately thereafter, Plaintiffs were forced to timely file their Notice of Appeal, concerning the District Court's April 28, 2003 Order.  (R. at 434-435.)

---

[4] The Plaintiffs' Notice of Appeal references appeal of the District Court's Order dated "April 27, 2003."  This date was a typographical error.  The Notice of Appeal should have referenced the District Court's "April 28, 2003" order, as there was no Order signed nor entered on April 27, 2003.

Upon notice of the Plaintiffs' attempt to seek relief from the April 28, 2003 final judgment, pursuant to Federal Rule of Civil Procedure 60(b), the Defendant then filed its motion in opposition. (R. at 473-519.) In its response to the Plaintiffs' Rule 60(b) motion, the Defendant failed to raise any issue(s) to the District Court, which questioned its jurisdictional authority rule on the Rule 60(b)(6) request. (*Id.*)

The Defendant also filed a response asking the District Court to deny the Plaintiffs' request for a time extension to file their Notice of Appeal. (R. at 520-529.) In this response, again, the Defendant failed to assert any concerns and/or question(s) regarding the District Court's jurisdiction. (*Id.*)

### D.    The District Court Granted Plaintiffs' Rule 60(b)(6) Motion.

Thereafter, on June 16, 2003, the District Court, after considering the various pleadings and documents of the Parties, signed an Order granting Plaintiffs' Rule 60(b)(6) motion. (R. at 530.) That Order, which was entered on June 18, 2003, states in relevant part, "The Court has reviewed the documents and is convinced that effective service of process has occurred and that the rules of procedure have been satisfied." (*Id*.) However, prior to the District Court reinstating the Plaintiffs' case, this Court had already docketed the appeal under Case No. 03-20551. (R. at 533.) Upon notice of the District Court's June 16, 2003 Order, granting reinstatement of the Plaintiffs' case, its counsel then filed with this

Court a "Notice to Abandon Appeal", which was accomplished on June 26, 2003. (R. at 532-533, 534.)

Defendant then filed its Answer with the District Court on July 2, 2003. (R. at 535-543.) Thereafter, it filed its Notice of Appeal before this Court on July 18, 2003. (R. at 546.)

## SUMMARY OF THE ARGUMENT

The District Court continued to maintain jurisdiction to grant Plaintiffs' Motion for Reconsideration and to vacate its April 28, 2003 order, which dismissed the Plaintiffs' case. Plaintiffs timely filed their Rule 60(b)(6) motion seeking relief from the final adverse judgment. Thereafter, while awaiting a ruling from the District Court and in an abundance of caution, they also filed a Notice of Appeal with this Court. A Federal Rule of Civil Procedure 60(b) motion, which is filed more than ten (10) days after the entry of a judgment, seeks relief from a judgment. However, the filing of an F.R.C.P. 60(b) motion does not toll the limitations period in which a Notice of Appeal must be filed. *Stone v. INS*, 514 U.S. 386, 402 (1995). In contrast however, a F.R.C.P. 59 motion, which is filed within ten (10) days of the entry of an adverse judgment, does toll the appellate timetable contained in Federal Rule of Appellate Procedure 4(a)(1)(A). *Id*. at 403.

In the present case, the Plaintiffs filed their F.R.C.P. 60(b) motion sixteen days after the order dismissing their case was entered. The language of F.R.C.P.

60(b) states that a motion filed seeking relief from an adverse judgment, must be filed with a "reasonable time"; sixteen (16) days following the entry date of the final judgment at issue is certainly "reasonable."  As stated above, a motion filed pursuant to F.R.C.P. 60(b) does not toll the period in which that same aggrieved party must also file a Notice of Appeal.

It is not relevant whether the Notice of Appeal is filed before or after relief is sought pursuant to F.R.C.P. 60(b), the District Court continues to have jurisdiction to rule on the motion that seeks relief from a final judgment. Simply put, the filing of a Notice of Appeal does not divest the District Court of its jurisdiction to rule on motions seeking relief from a final, adverse judgment. Additionally, when a litigant does in fact file both a motion that seeks relief from a judgment and a Notice of Appeal, it is unnecessary for the District Court to seek leave from the Appellate Court in order to rule on the 60(b) motion.

Further, it is well-established precedent that district court rulings on motions for reconsideration do not invoke appellate jurisdiction.  The District Court's June 18, 2003 Order was not a "final" judgment within the framework of 28 U.S.C. §1291.  To the contrary, the effect of that Order kept the underlying litigation before the District Court.  Additionally, appellate jurisdiction is also not invoked under 28 U.S.C. §1292 (a) or (b).

Without question, the District Court had jurisdiction to rule on the Plaintiffs' motion seeking relief from the April 28, 2003 Order. The argument advanced by the Defendant fails at the onset: that the Plaintiffs filing their Notice of Appeal divested the District Court's jurisdiction. The filing of the Notice of Appeal did not effect the District Court's ability to rule on the Rule 60(b) motion. Consequently, this Court does not have the jurisdiction to entertain this appeal.

**ARGUMENT**

1. **The District Court Maintained Jurisdiction to Grant Plaintiffs' F.R.C.P. 60(b) Motion Seeking Relief from Its Judgment.**

   A. **Standards of Review**

In the absence of abuse of discretion, the Court of Appeals does not review a District Court's determination regarding a motion which seeks relief from a final judgment. *Hand*, 411 F.2d at 531.

The Court of Appeals reviews jurisdictional issues, which are questions of law, de novo. *Winchester v. United States Attorney*, 68 F.3d 947, 948 (5th Cir. 1995).

**B.**   **The Notice of Appeal, Filed after the Plaintiffs' Request for Relief, Pursuant to F.R.C.P. 60(b)(6), did not Divest the District Court of Jurisdiction.**

The District Court had jurisdiction to grant the Plaintiffs' Rule 60(b) motion seeking relief from its prior adverse judgment. The District Court entered an Order on April 28, 2003 that dismissed the Plaintiffs' case. However, on May 14, 2003, the Plaintiffs pursued relief from that judgment, by filing a Rule 60(b)(6) motion. While that motion was pending before the District Court, the Plaintiffs also filed a Notice of Appeal on May 27, 2003. The District Court entered an Order on June 18, 2003, granting the relief sought by the Plaintiffs, which reinstated their case on the District Court's active docket. (R. at 530.) Thereafter, Plaintiffs' counsel notified this Court of the District Court's ruling; the appeal was then dismissed. (R. at 534.) As a result, the Defendant filed its Answer in the District Court on July 2, 2003. (R. at 535-543.)

The Plaintiffs filed their motion seeking relief from a final judgment entered by the District Court, which dismissed their case. The purpose of that F.R.C.P. 60(b)(6) motion was to request the District Court to grant the Plaintiffs relief from the dismissal. The Plaintiffs' Rule 60(b)(6) motion was filed sixteen (16) days after the Order that dismissed their case was entered; more than ten (10) days after the District Court's judgment was entered, but certainly within a reasonable amount of time. Further, the District Court was just in treating the Plaintiffs' filing

as a Rule 60(b) motion, seeking relief from the judgment. "[S]uch motions which are untimely under Rule 59, must be treated as motions under Rule 60(b) for purposes of Rule 4(a)(4)." *Brown v. United Insurance Company of America*, 807 F.2d 1239, 1242 (5th Cir. 1987).

In this instance, the Plaintiffs were faced with a precarious and difficult procedural situation: requesting relief from the District Court from its prior judgment which dismissed the Plaintiffs' claims; and, having to preserve their right to seek appellate review of the dismissal. The filing of a F.R.C.P. 60(b) motion, seeking relief from a judgment, does not toll the time for taking an appeal. *Stone*, 514 U.S. at 401. Therefore, the Plaintiffs were forced to file a Notice of Appeal and preserve their appellate issues while the District Court was considering their Rule 60(b) motion.

In the present case, the Plaintiffs first filed their 60(b)(6) motion, then when the District Court had not yet rendered its decision regarding that filing, the Plaintiffs filed a Notice of Appeal, on the twenty-ninth (29th) day, May 27, 2003, following the entry of the April 28, 2003 judgment prior to their deadline for filing an appeal. However, even before they filed a Notice of Appeal, the Plaintiffs had sought an extension of time from the District Court in which to do so. (R. at 432-433.)

This exact scenario has previously been reviewed by the United States Supreme Court. In *Stone,* the United States Supreme Court stated, "A litigant faced with an unfavorable district court judgment must appeal that judgment within the time allotted by Federal Rule of Appellate Procedure 4, whether or not the litigant first files a 60(b) motion (where the motion is filed more than 10 days following the judgment). Either before or after filing his appeal, the litigant may also file a Rule 60(b) motion for relief with the district court." *Id*.

The Defendant is correct in that the Plaintiffs did not file a Rule 4(a)(4) motion, because the Rule 60(b) motion that they did file was done so more than ten (10) days after the judgment dismissing their case was entered. "Rule 60(b) motions are *not* among the motions referenced in the second sentence of Rule 4(a)(4),…" *Brown v. United Insurance Company of America*, 807 F.2d 1239, 1242-3 (5th Cir. 1987). Again, a motion for reconsideration filed more than ten (10) days after the judgment has been entered which seeks relief from that judgment is considered a Rule 60(b) motion. *Id.* The Defendant incorrectly argues that a motion for reconsideration must be filed within ten (10) days from the date of the judgment. *Id.* Other Circuits have adopted the Supreme Court's ideology on this point decreed in *Stone*.[5]

---

[5] "The Federal Rules of Civil Procedure recognize no "motion for reconsideration." Instead, this court construes such a filing in one of two ways. If the motion is filed within ten days of the district court's entry of judgment, the motion is treated as a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e). Alternatively, if the motion is filed more than ten days after the entry of judgment, it is considered a motion seeking relief from judgment under

Again, the Motion for Reconsideration, seeking relief from the District Court's judgment, filed by the Plaintiffs was done so pursuant to F.R.C.P. 60(b), not 59(e). The Plaintiffs were not seeking to either alter or amend the District Court's dismissal order, pursuant to rule 59(e); they were requesting relief from it, which is consistent with Rule 60(b). Therefore, there was no ten (10) day deadline applicable to the Plaintiffs' motion, as the Defendant has asserted. Rule 60(b) specifically states that a motion seeking relief from a judgment must be filed within "a reasonable time." In the present case, the Plaintiffs' motion was filed sixteen (16) days after the District Court entered its Order. "As such a Rule 60(b) motion may be entertained in the district court at any time within a year of the judgment, regardless of the pendency, or even the completion of an appeal." *Ingraham v. United States*, 808 F.2d 1075, 1080 (5th Cir. 1987) citing *Standard Oil Co. of California v. United States*, 429 U.S. 17 (1976), and *Lairsey v. Advance Abrasives Co.*, 542 F.2d 928 (5th Cir. 1976).

### C.    The District Court did not Need to Seek Leave from this Court before Ruling on the Plaintiffs' Rule 60(b)(6) Motion.

It was unnecessary for the District Court to seek leave from this Court prior to ruling on the Plaintiffs' 60(b) motion. "We hold that the District Court may entertain a Rule 60(b) motion without leave…" *Standard Oil*, 429 U.S. at 17.

---

Fed.R.Civ.P. 60(b). This distinction can be significant in determining the timeliness of a notice of appeal, for a 59(e) motion tolls the 30-day period, while a Rule 60(b) motion does not." *U.S. v. Emmons*, 107 F.3d 762, 764 (10th Cir. 1997).

Again, the Defendant incorrectly argues that the Plaintiffs' motion was done so under Rule 59(e). As stated above, the Plaintiffs' motion sought relief from the judgment, pursuant to Rule 60(b); they were not seeking an amendment or alteration, as under 59(e). Additionally, due to the time in which it was filed, more than ten (10) days after the judgment was entered, the District Court was justified in treating it as a request for relief from judgment, as opposed to a request to alter or amend the judgment. "Since the motion was filed more than ten days after the rendition of the judgment dismissing Penrod, it falls under rule 60(b)." *Teal v. Eagle Fleet*, 933 F.2d 341 (5th Cir. 1991).

In any event, the United States Supreme Court has determined that a District Court does not need to seek leave in order to render a decision on a Rule 60(b) motion. In *Standard Oil*, the Court stated, "In our view, the arguments in favor of requiring appellate leave are unpersuasive…Finally, we have confidence in the ability of the district courts to recognize frivolous Rule 60(b) motions. Indeed, the trial court is in a much better position to pass upon the issues presented in a motion pursuant to Rule 60(b)." *Standard Oil,* 429 U.S. at 19. The Court went on to state, "The appellate-leave requirement adds delay to the expense of litigation and also burdens the increasingly scarce time of the federal appellate courts. We see no reason to continue the existence of this unnecessary and undesirable clog on the

proceedings." *Id.* Other Circuits have continued to follow the rationale established by the Supreme Court in *Standard Oil.*[6]

The principles set forth in *Standard Oil,* regarding the alleged necessity to seek leave, have consistently been followed as relevant precedent within the Fifth Circuit. In *Ames v. Miller*, the Rule 60(b) opponents argued, as the Defendant does herein, that the District Court's granting of the Plaintiffs' Rule 60(b) should not stand, because notice was not provided to the Fifth Circuit, prior to the District Court granting the requested Rule 60(b) relief. *Ames v. Miller,* 184 F.Supp.2d. 566, 575 (N.D. Tex. 2002). "The contention of Roberts and Bel-Air that the Rule 60(b)(6) motions cannot proceed because of the failure of the movants to give notice to the Fifth Circuit that the motions has been filed is put to rest by *Standard Oil.*" *Id.* at p. 578.

The Court in deciding *Dow Chemical v. Consumer Product Safety Com'n* stated in relevant part, "The Fifth Circuit does not require appellate leave when a Rule 60(b) motion has been filed." *Dow Chemical v. Consumer Product Safety Com'n,* 464 F.Supp. 904, 907 (W.D. La. 1979). In support of its contention that leave must be sought by the District Court before it can rule on a 60(b) motion, Defendant cites *Travelers Ins. Co. v. Liljeberg Enterprises, Inc.*, 38 F.3d 1404 (5th Cir. 1994). However, in that case the Rule 60(b) motion was filed *after* the

---

[6] "The Supreme Court (in *Standard Oil*) held that leave of the appellate court, or recall of the appellate court's mandate, was not a precondition to the authority of a district court to entertain a Rule 60(b) motion…" *Ritter v. Smith*, 811 F.2d 1398 (11th Cir. 1987).

movants filed their Notice of Appeal.  Whereas, in the case presently before the Court, the Plaintiffs filed their Rule 60(b) almost one month *before* their Notice of Appeal was filed, which was done out of procedural necessity.[7]

### D.  Jurisdiction has been Established in the District Court.

Prior to filing its Notice of Appeal, the Defendant filed with the District Court its Answer to the Plaintiffs' suit.  (R. at 535-543.)  Prior to filing its Answer the Defendant filed motions alleging improper and/or ineffective service.  However, the District Court has previously ruled that service has been properly effected.  Again, in its Order entered June 18, 2003, the District Court wrote, "The Court has reviewed the documents and is convinced that effective service of process has occurred and that the rules of procedure have been satisfied."  (R.at 530.)

As outlined above, the Defendant has actively participated in each and every stage of this litigation, and is unable to show any prejudice and/or harm, concerning any alleged service imperfections.  The Defendant has even gone so far as to move, in an unopposed fashion, to have two additional, out of state attorneys admitted before the District Court, via Pro Hac Vice.  (R. at 84-86.)  For the Defendant to argue that *now* the District Court lacks jurisdiction seems

---

[7] As stated above, motions filed pursuant to Rule 60(b), seeking relief from a judgment, do not toll appellate time tables.  *Stone*, 514 U.S. at 401.

disingenuous.   The Defendant filed its Answer in the District Court, and then more than two weeks later, filed its Notice of Appeal before this Court.

**E.    The District Court has Great Discretion in its Review and Decisions Concerning Rule 60(b)(6) Motions.**

"We are mindful that a Rule 60(b) is a grand reservoir of equitable power to do justice in a particular case." *Ingraham*, 808 F.2d at 1080.   In this present case, after reviewing all of the documentation before it, the District Court sought to do what was just: to reinstate the Plaintiffs' case.   Also, the Fifth Circuit has traditionally supported and directed District Courts entertaining motions for reconsideration, such as those under 60(b).   In *Collins v. Morgan Stanley Dean Witter*, this Court stated,

> "We notice that the district judge in this matter, like some other judges in this circuit, has the custom of usually, or even always, prohibiting litigants from filing motions for reconsideration or relief, such as those contemplated by Fed.R.Civ.P. 59 or 60.   No Judge has that authority.
>
> Accordingly we direct the judge in this case, and others in this circuit, to entertain post-judgment motions as contemplated by the rules.   Moreover, the district courts must carefully consider each such on its merits,…"

*Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 502 (5th Cir. 2000).

Further, this Court in rendering its decision in the *Travelers* wrote, "As with a Rule 60(b)(6) motion, the district court is given broad discretion in ruling on these motions, and will be affirmed absent an abuse of that discretion."   *Travelers,*

38 F.3d at 1408, *citing Matter of Hipp, Inc.* 5 F.3d 109 (5th Cir. 1993). The Defendant herein has not alleged that the District Court abused its discretion in reinstating Plaintiffs' case.

Additionally, other circuits have held that the consideration of such Rule 60(b) motions are within the district court's discretion. "[W]hether to grant the requested relief (Rule 60(b)) is, as noted above, a matter for the district court's sound discretion … The district court denied the State relief under Rule 60(b)(6) because the State had not demonstrated the "extraordinary circumstances" required by *Ritter*. We find no abuse of discretion in this decision." *Booker v. Singletary*, 90 F.3d 440, 442(11th Cir. 1996).

Additionally, in the Fifth Circuit, this Court has stated, "The broad language of clause (6) [of F.R.C.P. 60(b)] gives the court ample power to vacate judgments whenever such action is appropriate to accomplish justice … This court has recognized and implemented wide equitable force and effect for Rule 60(b)(6)." *Ames*, 184 F.Supp.2d at 575, citing *Menier v. United States*, 405 F.2d 245, 248 (5th Cir. 1968).

## II.    This Court Does Not Have Jurisdiction to Consider the Defendant-Appellant's Appeal.

The District Court's June 18, 2003 Order had the effect of reinstating the Plaintiffs' case on that Court's active docket. Therefore, this case continues to be

ongoing litigation in the District Court.  As such, this Order complained of by the Defendant, is not "final", as it has not caused this matter to be concluded.

"Generally, courts of appeal have appellate jurisdiction over only "final decisions" of the district courts.  28 U.S.C. § 1291 (2000)." *Lauro Lines s.r.l. v. Chasser*, 490 U.S. 495, 498 (1989).  Orders denying motions to dismiss; or, in the alternative, those motions that continue cases actively, are not final decisions, because such orders ensure that litigation will continue before the district court. "For purposes of §1291, a final judgment is generally regarded as 'a decision by the district court that ends litigation on the merits and leaves nothing for the court to do but execute the judgment." *Id*. at 497.

Additionally, the Collateral Order Doctrine is not applicable in this the situation.  There are only a few, narrow scenarios that would render a "non-final" decision appealable to this Court.  *Coopers & Lybrand v. Livesay*, 437 U.S. 463 (1978).  The only issue raised by the Defendant, in its attempt to side step this litigation, deals with the District Court's personal jurisdiction, due to alleged service deficiencies.  As stated above, the Defendant has participated in each and every initial stage of this lawsuit: from the beginning of the Equal Employment Opportunity Commission's investigation and its subsequent affirmative findings, all District Court proceedings, as well as the exchange of initial discovery as

provided by the Plaintiffs.[8]    Also, prior to filing its Notice of Appeal, the Defendant filed its Answer in the District Court.  The District Court has perused the entire record, and concluded that effective service has been accomplished. "The (District) Court has reviewed the documents and is convinced that effective service of process has occurred and that the rules of procedure have been satisfied." (R. at 530.)    The Defendant has not been prejudiced, nor its rights compromised by any aspect of these proceedings.  Simply put, there exists no exception herein that would render this matter available for appellate review under the Collateral Order Doctrine.

## CONCLUSION

In conclusion, the Notice of Appeal, filed significantly later than the Plaintiffs' Rule 60(b)(6) motion, did not divest the District Court of jurisdiction to render a decision.  Further, it was not necessary for the District Court to notify, nor obtain leave from this Court before ruling on the Plaintiffs' Rule 60(b)(6) request. The issue presented by the Defendant in this appeal, is not appealable at this stage of the litigation.  Jurisdiction of this matter remains in the District Court; by virtue of the reinstatement of this matter, by the District Court, through the Rule 60(b)(6) motion.  This Court traditionally allows Rule 60(b) motions to be decided upon by the District Court, in its sound discretion. In this case, after careful review, the

---

[8] Plaintiffs' counsel has already provided to the Defendant's attorneys complete Initial Disclosures, pursuant to the appropriate Federal Rules of Civil Procedure.

District Court felt as though justice required that the Plaintiffs' case should be relieved its previous judgment.

Therefore, based upon the foregoing, the Plaintiffs respectfully request that this Court render the issues raised by the Defendant are not appealable, and allow this matter to proceed on its merits before the District Court. Or alternatively, that jurisdiction of this matter rests with the District Court, and its June 18, 2003 Order is affirmed.   Additionally, the Plaintiffs pray for any such further relief to which they may be entitled.

Respectfully submitted,

STANLEY B. BROUSSARD, P.C.,

_____
Stanley B. Broussard
Texas Bar No. 00792373
Federal License No.: 20348
801 Congress, Suite 250
Houston, Texas 77002
Telephone: (713) 229-0800
Facsimile: (713) 229-8022

Joseph L. Nealy
7457 Harwin, Suite 129
Houston, Texas 77036
Telephone: (713) 974-1808
Facsimile: (713) 789-0420

COUNSEL FOR PLAINTIFFS-APPELLEES

## <u>CERTIFICATE OF SERVICE</u>

I certify that the undersigned counsel served two copies of the Brief of Plaintiffs-Appellees in paper form and one copy in PDF format on an electronic computer readable 3½ inch disk in Word 2000 on counsel of record by Federal Express on the _____ day of October 2003, addressed as follows:

Jay R. Aldis
Tracy C. Temple
South Tower Pennzoil Place
711 Louisiana Street, Suite 2900
Houston, Texas 77002-2781

Jonathan P. Harmon
McGuire Woods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219

Tara N. Mora
McGuire Woods LLP
1050 Connecticut Ave. NW, Suite 1200
Washington, D.C. 20036

In addition, on October ____, 2003, the undersigned counsel mailed the foregoing brief in paper and electronic form to the clerk of the Fifth Circuit by Federal Express.

_____
Stanley B. Broussard

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to $5^h$ Cir. R. 32.2 and 32.3, the undersigned certifies this brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7) and 5th Cir. R. 32.3.

1.    Exclusive of the exempted portions in 5th Cir. R. 32.2, this brief meets the 30 page limit.

2.    The brief has been prepared in proportionally spaced typeface using Word 2000 in 14 point Time New Roman font.

3.    The undersigned understands that a material misrepresentation in completing this certificate or circumvention of the type-volume limits in Fed. R. App. P. 32(a)(7), may result in the court's striking the brief and imposing sanctions against the person signing the brief.

_____

Stanley B. Broussard