NO. 03-20721

—————————————————————————

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————————————————————

FELICIA SHEPHERD, ALEX GRISBY, MELVIN
JACKSON, GERALD THOMAS, CLAUDINE
FALKNER, RUFINO RAZO, DAVID CRISWELL,
LARRY OLIVER, MICHAEL CLOUDY, MARK
FLETCHER, QUINCY RATCLIFF, RANDY HORN,
*Plaintiffs-Appellees,*

V.

INTERNATIONAL PAPER CO.,
*Defendant-Appellant.*

—————————————————————————

Appeal from the United States District Court for the
Southern District of Texas, Houston Division

—————————————————————————

**REPLY BRIEF OF DEFENDANT-APPELLANT
INTERNATIONAL PAPER CO.**

—————————————————————————

Jonathan P. Harmon
Tara N. Mora
McGuireWoods LLP
1050 Connecticut Avenue, N.W.
Suite 1200
Washington, D.C. 20036
Telephone: (202) 857-1747
Facsimile: (202) 828-2963

Jay R. Aldis
Tracy C. Temple
Bracewell & Patterson, L.L.P.
South Tower Pennzoil Place
711 Louisiana St., Suite 2900
Houston, Texas 77002-2781
Telephone: (713) 223-2900
Facsimile: (713) 221-1212

ATTORNEYS FOR DEFENDANT-
APPELLANT INTERNATIONAL
PAPER CO.

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

***Defendant-Appellant*:**

International Paper Co.

***Counsel for Defendant-Appellant***

Jonathan P. Harmon
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, VA 23219
Telephone: (804) 775-4712
Facsimile: (804) 698-2073

Tara N. Mora
McGuireWoods LLP
1050 Connecticut Ave. NW, Suite 1200
Washington, DC 20036
Telephone: (202) 857-1747
Facsimile: (202) 828-2963

Jay R. Aldis
Tracy C. Temple
Bracewell & Patterson, L.L.P.
South Tower Pennzoil Place
711 Louisiana St., Suite 2900
Houston, Texas 77002-2781
Telephone: (713) 223-2900
Facsimile: (713) 221-1212

*Plaintiffs-Appellees*

Felicia Shepherd
Alex Grisby
Melvin Jackson
Gerald Thomas
Claudine Falkner
Rufino Razo
David Criswell
Larry Oliver
Michael Cloudy
Mark Fletcher
Quincy Ratcliff
Randy Horn

*Counsel for Plaintiffs-Appellees*

Stanley B. Broussard
801 Congress Street, Suite 400
Houston, Texas  77002
Telephone: (713) 229-0800
Facsimile:  (713) 228-2210

Joseph N. Nealy
7457 Harwin, Suite 129
Houston, Texas  77036
Telephone:  (713) 974-1808
Facsimile:   (713) 789-0420

*Others parties who may be interested in the outcome of this appeal:*

International Paper Company has no parent company.

No publicly held company owns 10% or more of International Paper Company's stock.

_____
Tracy C. Temple

# <u>TABLE OF CONTENTS</u>

CERTIFICATE OF INTERESTED PERSONS ................................................ i

TABLE OF AUTHORITIES .......................................................................... iv

REPLY TO APPELLEES' STATEMENT OF THE CASE
AND STATEMENT OF FACTS ..................................................................... 1

  A.   Plaintiffs Serve an Unsigned Summons and International Paper
      Moves to Dismiss for Lack of Personal Jurisdiction. ........................... 1

  B.   Plaintiffs File Their Second Amended Complaint and the District
      Court Dismisses Plaintiffs' Second Amended Complaint..................... 2

  C.   Plaintiffs Move for Reconsideration and then File a Notice of
      Appeal and the District Court Grants Plaintiffs' Motion
      for Reconsideration. ................................................................................ 4

SUMMARY OF THE ARGUMENT .............................................................. 5

ARGUMENT .................................................................................................. 6

  I.   The District Court Lacked Jurisdiction to Grant Plaintiffs'
      Motion for Reconsideration. .................................................................. 6

  II.  This Court Has Jurisdiction to Consider Defendant-Appellant's
      Appeal ................................................................................................ 10

CONCLUSION ............................................................................................ 12

CERTIFICATE OF SERVICE ..................................................................... 14

CERTIFICATE OF COMPLIANCE ............................................................ 15

# TABLE OF AUTHORITIES

*Cases*

*Ames v. Miller,*
   184 F. Supp. 2d 566 (N.D. Tex. 2002) ..........................................9

*Arenson v. Southern Univ. Law Ctr.,*
   963 F.2d 88 (5th Cir. 1992) ..........................................11

*Building Indus. Assoc. v. Babbitt,*
   70 F. Supp. 2d 1 (D.D.C. 1999) ..........................................9

*Coopers & Lybrand v. Livesay,*
   437 U.S. 463 (1978) ..........................................10, 11

*Dow Chem. v. Consumer Prod. Safety Comm'n.,*
   464 F. Supp. 904 (W.D. La. 1979) ..........................................9

*Hand v. United States,*
   441 F.2d 529 (5th Cir. 1971) ..........................................11

*Lauro Lines S.R.L. v. Chasser,*
   490 U.S. 495 (1989) ..........................................10

*Phillips v. Negley,*
   117 U.S. 665 (1886) ..........................................11

*Standard Oil Co. v. United States,*
   429 U.S. 17 (1976) ..........................................8, 9

*Travelers Insurance Co. v. Liljeberg Enterprises, Inc.,*
   38 F.3d 1404 (5th Cir. 1994) ..........................................7

*Winchester v. United States Attorney,*
   68 F.3d 947 (5th Cir. 1995) ..........................................7

*Ziegler v. Champion Mortgage Co.,*
   913 F.2d 228 (5th Cir. 1990) ..........................................4

*Statutes*

28 U.S.C. § 1291 ..................................................................................11

*Rules*

FED. R. APP. P. 4(a)(4) .....................................................................5, 7, 8

FED. R. APP. P. 32(a)(7) .......................................................................15

FED. R. CIV. P. 59 ...............................................................................4, 7

FED. R. CIV. P. 60(b) ...........................................................................8, 9

5TH CIR. R. 32.2 ...................................................................................15

5TH CIR. R. 32.3 ...................................................................................15

*Other*

CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE
    § 2873 (3D. ED. 1998).......................................................................8

## REPLY TO APPELLEE'S STATEMENT OF THE FACTS AND STATEMENT OF THE CASE

Plaintiffs Felicia Shepherd, Alex Grigsby, Melvin Jackson, Gerald Thomas, Claudine Falkner, Rufino Razo, David Criswell, Larry Oliver, Michael Cloudy, Mark Fletcher, Quincy Ratcliff and Randy Horn ("Plaintiffs") make several incorrect statements or omissions in their Statement of the Case and Statement of the Facts that, while background to the instant appeal, nevertheless merit mention.[1]

### A.    Plaintiffs Serve an Unsigned Summons and International Paper Moves to Dismiss Based on Lack of Personal Jurisdiction.

Plaintiffs incorrectly imply that International Paper was served with a proper Summons. (Appellees' Br. at 3.) However, on January 15, 2003, Plaintiff served International Paper Company ("International Paper") (through its agent for service of process, CT Corporation System), with an *unsigned* Summons and *no* Complaint. (R. at 349-51, 353-54 (¶ 6).) This Summons was neither signed by the Clerk nor did it bear the seal of the United States District Court for the Southern District of Texas (the "District Court"). (*Id.*)

Plaintiffs also fail to mention that on February 4, 2003, International Paper filed its first pleading with the District Court—a Motion to Dismiss Plaintiffs'

---

[1]     As an initial matter and contrary to Plaintiffs' assertion, (Appellees' Br. at 2), none of the plaintiffs in this action are currently employed by International Paper Company at its facility located in Nacogdoches, Texas. Rather, International Paper sold the facility in April 2002 to Norbord Industries.

Complaint, which argued that the District Court lacked *personal* jurisdiction over it because of improper service.[2] (R. at 27-70.) To comply with Federal Rule of Civil Procedure ("FED. R. CIV. P.") 7.1 and Judge Hoyt's "Order on Conference and Disclosure of Interested Parties," (R. at 19), International Paper also filed a Certificate of Disclosure of Interested Parties, (R. at 71-72), and took the necessary action to be represented by its counsel, McGuireWoods LLP. (R. at 81-86.) Pursuant to Judge Hoyt's "Order on Conference and Disclosure of Interested Parties," the parties also filed a Joint Discovery/Case Management Plan. (R. at 75-80.) This pleading noted that International Paper had filed a Motion to Dismiss and specifically stated that "Defendant files this Joint Discovery/Case Management Plan subject to Defendant's Motion to Dismiss or for a More Definite Statement." (R. at 80 n.1.)

### B. Plaintiffs File Their Second Amended Complaint and the District Court Dismisses Plaintiffs' Second Amended Complaint.

Plaintiffs filed an Amended Complaint (referred to as "Plaintiffs' Second Amended Complaint") on February 21, 2003 and a Response to International Paper's Motion to Dismiss. (R. at 90-154.) International Paper then filed its Reply to Plaintiffs' Response to Defendant's Motion to Dismiss on March 7, 2003. (R. at

---

[2]    International Paper also alleged that Plaintiffs' Complaint failed to state a claim upon which relief can be granted. (R. at 61-63.)

155-263.)  On this same day, International Paper also filed its Motion to Dismiss Plaintiffs' Second Amended Complaint.  (R. at 264-374.)

On March 14, 2003, Plaintiffs filed a pleading titled "Plaintiffs' Reply to Defendant's Reply to Defendant's Motion to Dismiss or for a More Definite Statement."  (R. at 378-379.)  Also on March 14, 2003 (entered March 17, 2003), the District Court held that Defendant's Motion to Dismiss or for a More Definite Statement with respect to Plaintiffs' Original Complaint was moot because Plaintiffs filed a Second Amended Complaint.  (R. at 377.)  Thus, contrary to Plaintiffs' assertion, (Appellees' Br. at 4), this Order did not deny International Paper's Motion to Dismiss Plaintiffs' Second Amended Complaint as moot, but rather, denied International Paper's *first* Motion to Dismiss as moot because of the filing of Plaintiffs' Second Amended Complaint.[3]  (R. at 377.)  International Paper then filed its Reply in support of its pending Motion to Dismiss Plaintiffs' Second Amended Complaint on April 14, 2003.  (R. at 390-94.)

On April 25, 2003 (entered April 28, 2003) (referred to as the "April 28, 2003 Order"), the District Court granted Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint.  (R. at 395.)

---

[3]  Plaintiffs' purported confusion over which motion was mooted by this Order is puzzling.  (Appellees' Br. at 4-5.)  The March 17, 2003 Order specifically stated "[b]efore the Court are the defendant's motion to dismiss, alternatively, motion for a more definite statement (#4)."  (R. at 377.)  Docket entry number four (#4) is Defendant's Motion to Dismiss or for a More Definite Statement, which was filed on February 4, 2003.  (R. at 27-70.)

### C. Plaintiffs Move for Reconsideration, File a Notice of Appeal and the District Court Grants Plaintiffs' Motion for Reconsideration.

On May 14, 2003, Plaintiffs filed their "Motion for Reconsideration and to Vacate the Court's Order Dismissing Plaintiffs' Second Amended Complaint" ("Plaintiffs' Motion for Reconsideration"). (R. at 396-429.) Contrary to Plaintiffs' assertion that their Motion for Reconsideration sought relief "pursuant to Federal Rule of Civil Procedure 60(b)," (Appellees' Br. at 5), Plaintiffs' Motion for Reconsideration made no mention of Federal Rules of Civil Procedure 59 or 60. (R. at 396-429.) On May 27, 2003, Plaintiffs filed a Notice of Appeal appealing the Order entered April 28, 2003. (R. at 434-35.) This Court docketed the appeal as *Felicia Shepherd, et al. v. International Paper Company,* No. 03-20551. International Paper opposed Plaintiffs' Motion for Reconsideration. (R. at 436-519.) International Paper also opposed Plaintiffs' Motion for Extension of Time, noting, among other things, that Plaintiffs had appealed the case to this Court.[4] (R. at 520-29.)

On June 16, 2003 (entered June 18, 2003) (referred to as the "June 18, 2003 Order"), the District Court granted Plaintiffs' Motion for Reconsideration and

---

[4]     Plaintiffs assert that International Paper "failed to assert any concerns and/or question(s) regarding the District Court's jurisdiction." (Appellees' Br. at 6.) Plaintiffs' assertion is irrelevant because subject matter jurisdiction cannot be waived. *See, e.g.*, *Ziegler v. Champion Mortgage Co.*, 913 F.2d 228, 229 (5th Cir. 1990). Thus, Sections 1.D. and E. of Appellees' Argument are irrelevant to the two issues before the Court.

ordered "that the Court order dismissing this case is withdrawn and the case is reinstated on the Court's active docket." (R. at 530.) After the District Court granted Plaintiffs' Motion for Reconsideration, International Paper timely filed its Answer, as it was required to do pursuant to Federal Rule of Civil Procedure 12(a)(4)(A).[5] (R. at 535-43.)

## <u>SUMMARY OF THE ARGUMENT</u>

The District Court lacked subject matter jurisdiction to grant Plaintiffs' Motion for Reconsideration after Plaintiffs filed their Notice of Appeal absent obtaining leave from this Court, which it did not obtain. The case law is well-established regarding the power of a district court to take action on a motion that does not fall under Federal Rule of Appellate Procedure 4(a)(4) while an appeal is pending. The cases cited by Plaintiffs in support of the position that the District Court did not need to obtain leave are inapposite to this appeal because they involve a different procedural situation—a district court's power after appellate review. Accordingly, the District Court's June 18, 2003 Order granting Plaintiffs' Motion for Reconsideration is void and should be vacated.

This Court has jurisdiction to hear this appeal. Although an order granting reconsideration is not ordinarily appealable at this stage of the litigation, such

---

[5]    International Paper's first affirmative defense states that the District Court "lacks jurisdiction over this action and Plaintiffs' Second Amended Complaint." (R. at 538.)

orders become appealable when the appellant attacks the jurisdiction of a district court to enter the order.  International Paper challenges the jurisdiction of the District Court to enter the June 18, 2003 Order and thus may properly bring this appeal.

## **ARGUMENT**

### I.    **The District Court Lacked Subject Matter Jurisdiction to Grant Plaintiffs' Motion for Reconsideration.**

The District Court lacked subject matter jurisdiction to *grant* Plaintiffs' Motion for Reconsideration absent leave from this Court, which it did not obtain, and nothing in Appellees' Brief alters this conclusion.  Indeed, Plaintiffs misunderstand the issues involved in this appeal and the relevant case law.  First, this appeal does not involve the merits of International Paper's Motion to Dismiss Plaintiffs' Second Amended Complaint for lack of *personal* jurisdiction or Plaintiffs' subsequent Motion for Reconsideration.  Rather, this appeal involves the *subject matter* jurisdiction of the District Court to grant Plaintiffs' Motion for Reconsideration after Plaintiffs filed a Notice of Appeal and without obtaining leave from this Court.

Second, International Paper has never argued that Plaintiffs could not file a Rule 60(b) motion, that a Rule 60(b) motion must be filed within 10 days, or that the District Court could take *no* action on it.  (Appellees' Br. at 10-12.)  Rather, International Paper has argued, and the case law establishes, that once Plaintiffs

filed a "motion for reconsideration" more than 10 days after the judgment and then filed a Notice of Appeal, the District Court could only (1) act in aid of the appeal by denying Plaintiffs' Motion for Reconsideration or correct a clerical error; or (2) seek leave from this Court before granting Plaintiffs' Motion for Reconsideration. *See Travelers Insurance Co. v. Liljeberg Enterprises, Inc.*, 38 F.3d 1404, 1408 n.3 (5th Cir. 1994).[6]

Appellees admit and indeed argue, that they did not file a timely Federal Rule of Appellate Procedure 4(a)(4) ("Rule 4(a)(4)") motion and contend that International Paper has argued that they must file a Rule 60(b) motion within 10 days of judgment.  (Appellees' Br. at 10-12.)  Plaintiffs' self-described "precarious situation," in reality, was not precarious.   (Appellees' Br. at 11.)   If Plaintiffs wanted the District Court to reconsider its dismissal order *and* preserve the right to appeal, Plaintiffs should have filed a Rule 59 or Rule 60 motion within 10 days of the District Court's order.  Had they done so, Plaintiffs could have filed a Notice of Appeal while the motion was pending without affecting the jurisdiction of the

---

[6] Plaintiffs' attempt to distinguish *Liljeberg* by arguing that in *Liljeberg*, "the Rule 60(b) motion was filed after the movants filed their Notice of Appeal," (Appellees' Br. at 15-16), is unavailing.  *Liljeberg* involved three separate appeals in which the plaintiffs-appellees appealed the *denial* of three Rule 60(b)(6) motions.  Accordingly, the Fifth Circuit was considering the power of the district court to *deny* the Rule 60(b)(6) motions *when an appeal* is taken.  *Liljeberg*, 38 F.3d at 1408 n.3.  It is irrelevant whether the Rule 60(b)(6) motion is filed before or after the appeal for purposes of determining the district court's jurisdiction – what is relevant is the filing of the notice of appeal.  Moreover, this Court applied the principles set forth in *Liljeberg* in *Winchester v. United States Attorney*, 68 F.3d 947 (5th Cir. 1995), a case with facts almost identical to this appeal.  Plaintiffs make no attempt to and cannot distinguish *Winchester*.

District Court to grant, deny or take any other action regarding Plaintiffs' Motion for Reconsideration without obtaining leave from this Court.  *See* FED. R. APP. P. 4(a)(4).  Plaintiffs did not, however, and their filing of the Notice of Appeal prescribed the action that could be taken by the District Court – act in aid of the appeal, correct a clerical error or obtain leave from this Court.  The District Court did not act in aid of the appeal or correct a clerical error.  This Court never granted leave to the District Court to enter the Order granting Plaintiffs' Motion for Reconsideration.   Thus, the District Court lacked jurisdiction to enter its June 18, 2003 Order and the June 18, 2003 Order is void.

The case law cited by Plaintiffs is inapposite to this appeal.  Plaintiffs cite *Standard Oil Co. v. United States*, 429 U.S. 17 (1976), for the proposition that it was "unnecessary for the District Court to seek leave from this Court prior to ruling on the Plaintiffs' 60(b) motion."  (Appellees' Br. at 13).  First, as already mentioned, a District Court may "entertain" a Rule 60(b) motion to the extent that it can take action in aid of an appeal and *deny* a Rule 60(b) motion.  *Liljeberg*, 38 F.3d at 1408 n.3.

Second, *Standard Oil* contemplates a different procedural issue – the power of a district court after a *completed* appeal – rather than the procedural issue in this case—the power of a district court while an appeal is *pending*.  *See* CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 2873 (3d ed. 1998)

(recognizing the distinction and different case law applicable to each procedural situation). In *Standard Oil*, following an eight-day trial, the district court enjoined Standard Oil from engaging in certain practices found to violate the Sherman Act. *Id.* at 17. The judgment was affirmed by the Supreme Court. *Id.* Standard Oil filed a motion with the Supreme Court requesting that it recall its mandate and grant leave for Standard Oil to proceed in the district court and then filed a Rule 60(b) motion seeking to have the district court's judgment set aside. *Id.* The Supreme Court held that after appellate review, the "District Court may entertain a Rule 60(b) motion without leave by this Court" and denied the motion to recall its mandate, "without prejudice to Standard Oil's right to proceed in the District Court."[7] *Id.*

In this case, contrary to *Standard Oil*, Plaintiffs filed a Motion for Reconsideration, appealed the case to the Fifth Circuit while the Motion for Reconsideration was pending and then the District Court granted Plaintiffs' Motion for Reconsideration. Thus, the Rule 60(b) motion in this case was not a motion filed and considered *after* an appellate court reviewed the judgment, but rather while the Fifth Circuit had jurisdiction. *See, e.g.*, *Building Indus. Assoc. v. Babbitt*,

---

[7]    *Ames v. Miller*, 184 F. Supp. 2d 566 (N.D. Tex. 2002) involved the same procedural situation as *Standard Oil* – the jurisdiction of a district court *after* appellate review. *Dow Chem. v. Consumer Prod. Safety Comm'n.*, 464 F. Supp. 904, 908 (W.D. La. 1979), which Plaintiffs also cite for the proposition that appellate leave is not required in this case, involved a Federal Rule of Civil Procedure 62(c) motion and the district court *denied* the motion for reconsideration.

70 F. Supp. 2d 1, 2-3 (D.D.C. 1999) (stating that the filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control; noting that *Standard Oil* did not "address whether a district court had jurisdiction during the pendency of an appeal" and denying motion).  Accordingly, Plaintiffs' authority is distinguishable and does not alter the facts of this case – the District Court, rather than taking an action in aid of the appeal, *granted* Plaintiffs' Motion for Reconsideration *without* obtaining leave from this Court.  Because the District Court lacked jurisdiction to vacate the order dismissing Plaintiffs' case, the District Court's June 18, 2003 Order is void.

## II.     <u>This Court Has Jurisdiction to Consider Defendant-Appellant's Appeal.</u>

This Court has jurisdiction over this appeal.  Plaintiffs assert that "[t]here are only a few, narrow scenarios that would render a 'non-final' decision appealable to this Court," (Appellees' Br. at 19), but fail to recognize the well-established case law that an appeal challenging the jurisdiction of a district court to act *is* one of the few, narrow scenarios.  Indeed, Plaintiffs make no attempt to distinguish the many cases establishing the jurisdiction of this Court to consider this appeal but rather rely on cases involving wholly different issues.

Plaintiffs cite *Lauro Lines S.R.L. v. Chasser*, 490 U.S. 495 (1989) and *Coopers & Lybrand v. Livesay*, 437 U.S. 463 (1978) as support for their assertion that this Court does not have jurisdiction.  The Court in *Lauro Lines* held that an

interlocutory order denying a defendant's motion to dismiss a damages action on the basis of a forum selection clause is not immediately appealable under 28 U.S.C. § 1291. *Id.* at 496. The Court in *Coopers & Lybrand* concluded that a court's determination that an action may not be maintained as a class action is not appealable under 28 U.S.C. § 1291. *Id.* at 464-65, 470. This appeal does not involve the merits of a denial of a motion to dismiss or class certification.

Indeed, Plaintiffs again misunderstand the nature of this appeal. This appeal addresses the *subject matter* jurisdiction of the District Court to enter the June 18, 2003 order, not the merits of International Paper's Motion to Dismiss Plaintiffs' Second Amended Complaint contesting the District Court's *personal jurisdiction* over International Paper. Thus, although an order granting reconsideration would not normally be considered a final appealable order, orders that are not otherwise appealable become appealable when the appellant attacks the subject matter jurisdiction of the district court to enter the order. *See* 28 U.S.C. § 1291; *Hand v. United States*, 441 F.2d 529, 531 (5th Cir. 1971); *see also Phillips v. Negley*, 117 U.S. 665, 679 (1886) (deciding that the lower court's decision setting aside the judgment was error); *cf. Arenson v. Southern Univ. Law Ctr.*, 963 F.2d 88, 89-90 (5th Cir. 1992) (recognizing that an order that is not otherwise appealable may be appealable "where the appellant challenges not the wisdom of the district court's action, but the court's power to act"). This appeal "attacks the jurisdiction" of the

District Court to grant Plaintiffs' Motion for Reconsideration; therefore, the District Court's June 18, 2003 Order is appealable at this stage of the litigation.

## CONCLUSION

For these reasons, Defendant-Appellant International Paper requests that this Court find that it has jurisdiction over this appeal and that it reverse and vacate the District Court's June 18, 2003 Order granting reconsideration of the April 28, 2003 Order dismissing the plaintiffs' claims. International Paper further prays for such additional relief to which it may be entitled.

Respectfully submitted,

BRACEWELL & PATTERSON, L.L.P.

By: _____
    Jay R. Aldis
    Tracy C. Temple
    South Tower Pennzoil Place
    711 Louisiana St., Suite 2900
    Houston, Texas 77002-2781
    Telephone: (713) 223-2900
    Facsimile: (713) 221-1212

MCGUIREWOODS LLP

    Jonathan P. Harmon
    McGuireWoods LLP
    One James Center
    901 East Cary Street
    Richmond, Virginia 23219
    Telephone: (804) 775-4712
    Facsimile: (804) 698-2073

    Tara N. Mora
    McGuireWoods LLP
    1050 Connecticut Ave. NW
    Suite 1200
    Washington, DC  20036
    Telephone: (202) 857-1747
    Facsimile:  (202) 828-2963

ATTORNEYS FOR DEFENDANT-
APPELLANT INTERNATIONAL
PAPER CO.

## **CERTIFICATE OF SERVICE**

I certify that the undersigned counsel served two copies of the Reply Brief of Defendant-Appellant International Paper Co. in paper form and one copy in PDF format on an electronic computer readable 3½ inch disk in Word 2000 on counsel of record by Federal Express on the 3rd day of November 2003, addressed as follows:

| | |
|---|---|
| Mr. Stanley B. Broussard | Mr. Joseph N. Nealy |
| 801 Congress Street, Suite 400 | 7457 Harwin, Suite 129 |
| Houston, Texas  77002 | Houston, Texas  77036 |

In addition, on November 3, 2003, the undersigned counsel mailed the foregoing brief in paper and electronic form to the clerk of the Fifth Circuit by Federal Express.

_____
Tracy C. Temple

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to 5TH CIR. R. 32.2 and .3, the undersigned certifies this brief complies with the type-volume limitations of FED. R. APP. P. 32(a)(7) and 5TH CIR. R. 32.3.

1.    Exclusive of the exempted portions in 5TH CIR. R. 32.2, this brief consists of   2,446   words.

2.    The brief has been prepared in proportionally spaced typeface using Word 2000 in 14-point Times New Roman font.

3.    The undersigned understands that a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in FED. R. APP. P.32(a)(7), may result in the court's striking the brief and imposing sanctions against the person signing the brief.

_____
Tracy C. Temple